María Planellas, etc., Petitioner and Appellant, v. María Tula Pastrana et al., Respondents and Appellees.

No. 8713. Argued February 8, 1944.—Decided March 24, 1944.

*Samuel R. Quiñones* for appellant.  *R. Cuevas Zequeira* for appellees.

Mr. Chief Justice Travieso delivered the opinion of the court.

María Planellas filed a petition in the District Court of San Juan in which she alleged that she was the acknowledged natural daughter of Manuel Planellas Muñoz, by virtue of a judgment rendered by this court on July 29, 1941 (59 P. R.R. 372), and hence his heir in the corresponding share

provided by law; that Planellas died in San Juan on February 19, 1929 without having executed any will and while married to María Tula Pastrana; and that the only persons, besides the petitioner, who could have any right to the inheritance, which she estimated at $40,000, are the widow and an alleged adopted child by the name of Ismael Planellas. The petitioner prayed for the judicial administration of the inheritance and that she be appointed administratrix after furnishing a bond.

The widow and the adopted child of Planellas appeared in opposition to the petition for judicial administration and alleged that on August 2, 1920, Manuel Planellas and his wife Tula Pastrana adopted Ismael Planellas as their son; that on July 13, 1929, the District Court of San Juan adjudged both petitioners as sole and universal heirs of Manuel Planellas; that on August 8, 1929, the petitioners as such heirs carried out the liquidation and partition of the properties, which were recorded in their favor; that the petitioners have been in the quiet and peaceful possession of said properties since the day of the death of their predecessor in title until March 13, 1942, on which date the petitioner filed her complaint for the nullity of the declaration of heirship, while this suit was pending decision on demurrer; that there is no showing that the petitioner is entitled to the remedy sought and that the petition does not state facts sufficient to constitute a cause of action.

On March 2, 1943 the district court rendered judgment dismissing the petition because in its opinion there were no properties for which the judicial administration could be decreed, and if such was done it would be academic because the petitioner has an adequate legal remedy within the action which she has instituted and in which the nullity of the declaration of heirship is sought. Feeling aggrieved by the judgment, the petitioner brought this appeal. In support thereof, she alleged that the lower court erred in failing

to consider that the facts alleged in the petition were admitted by the other party and that they did not offer any evidence to support their allegations and in dismissing the petition for the reasons stated in the judgment appealed from.

We agree with the appellant that the petition for judicial administration filed by her contains all the allegations required by §536 of the Code of Civil Procedure; and that such facts if not controverted are sufficient by themselves to justify the appointment of a judicial administrator. The defendants and appellees admitted that Manuel Planellas died in 1929 without having executed a will; that the petitioner was declared an acknowledged natural daughter of the deceased Planellas by a judgment of this court; and that Planellas left property subject to partition, which has been in the possession of the contestants since they were adjudged heirs of the deceased.

The facts in *Martínez* v. *Crosas*, 26 P.R.R. 196, and in *Martínez et al.* v. *Martínez*, 26 P.R.R. 142, cited by appellants, are almost identical to those of the case at bar. Víctor Martínez died in 1912 and left properties subject to partition, which were in the possession of Víctor P. Martínez, legitimate heir of the ancestor. Some years later Pedro Angel and Laura María Méndez were adjudged acknowledged natural children of Víctor and together with the legitimate sons designated as heirs of their father. Upon the filing of a motion seeking the appointment of an administrator, the legitimate sons opposed said appointment. The court named that administrator and ordered that he be given possession of the properties. This court upheld the validity of the appointment because it understood that "the property which can be taken possession of by an administrator of an estate is the property which was in the possession of the ancestor at the time of his death."

In the judgment rendered by this court in *Planellas* v. *Heirs of Planellas*, 59 P.R.R. 372, it was held that María Planellas Díaz is the acknowledged natural daughter of Manuel Planellas Muñoz and the acknowledgment was ordered to be recorded in the corresponding civil register. Said acknowledgment is legally sufficient to confer upon María Planellas the status of presumptive heir of her father Manuel Planellas, entitled as such heir to apply for the judicial administration of the estate at the time of the death of her father. The designation of acknowledged natural child in favor of María Planellas should be retroactive to the date of the death of her natural father. *Antongiorgi* v. *Antongiorgi,* 28 P.R.R. 845.

Was María Planellas bound to institute judicial proceedings to recover the property to which she was entitled as heir of her father? The question was answered in the negative in *Martínez et al.* v. *Martínez, supra,* in which we stated:

"Passing to the merits of the appeal, the fact that a legitimate son is in possession of property and contests every step that some other heirs take for the appointment of a judicial administrator, does not make it necessary for such other heirs to have recourse to an ordinary suit. The possession of the property and other like matters may, perhaps, be a question between the judicial administrator and the heir in possession, but the fact that an heir is in possession, denying the rights of others heirs, can only serve to emphasize the propriety of naming a judicial administrator, subject to the control of the court."

The doctrine established in *Martínez et al.* v. *Martínez, supra,* was applied again in *Pérez et al.* v. *Alvarez,* 32 P.R.R. 146, where it was held, copying from the syllabus, that "when a widow who opposes the appointment of an administrator on the ground that the properties of the estate belong to her exclusively because acquired by her during wedlock, part by inheritance and the rest with her own separate

money, does not prove the latter allegation and only the acquisition of a part by inheritance, the administration applied for by heirs with capacity to do so will be granted.

In the case at bar the respondents-appellees have admitted the condition of acknowledged natural child that the petitioner has, and as such her right to claim her corresponding share in the estate of her deceased father. They have also admitted that the deceased Planellas left personal and real property subject to partition and that such property is now in the possession of the respondents by virtue of a liquidation partition and adjudication carried out by them without the intervention of the petitioner.

The purpose of the appointment of an administrator of the properties of a deceased is to take charge, hold, and protect them so that they may later be distributed among the persons entitled to them as heirs of said deceased.

Planellas, having left properties subject to partition which are now in the possession of the respondents; the right of the petitioner to claim the whole or part of those properties as heiress of her father being admitted; and a conflict of interests existing between said petitioning heiress and the respondents, a conflict which should be settled in this suit instituted by the petitioner against the respondents, in which there is sought the nullity of the declaration of heirship made in favor of the widow and adopted son of the ancestor, we are of the opinion and do hold that the lower court erred when it dismissed the motion filed by the petitioner-appellant for the appointment of a judicial administrator. The fact that the petitioner has instituted a plenary action for the adjudication of the right that each of the parties might have to claim the estate of Manuel Planellas is no obstacle to the appointment of a judicial administrator of the properties involved in this controversy, who shall have the duty to hold and protect them under the control of the court and to finally deliver them to whoever has a

right thereto in the plenary action instituted. See *Cabanillas* v. *Torrents,* 32 P.R.R. 40 and *Jiménez* v. *Cruz,* 33 P.R. R. 221.

For the foregoing reasons the judgment appealed from is reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.